**Jose Rafael DEPRADO, Plaintiff,**

v.

**CITY OF MIAMI, et al., Defendants.**

**No. 05–22383–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 20, 2006.

Martin Eric Leach, Esq., Feiler & Leach, Coral Gables, FL, for Plaintiff.

Mimi Vivien Turin, Esq., Miami City Attorney's Office, Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANT CITY OF MIAMI'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS COMES before the Court upon Defendant City of Miami's Motion for Summary Judgment [DE 47], filed July 13, 2006.[1]

### BACKGROUND

The above-styled action is premised upon alleged violations of Plaintiff's rights under the First and Fourteenth Amendments. Plaintiff, a police officer for the City of Miami Police Department, claims that the constitutional violations took the form of retaliation for his grand jury testimony concerning police misconduct. Specifically, Plaintiff asserts that in May, 2001, he testified before a grand jury regarding the planting of evidence by SWAT team members in a shooting incident. Soon after, in June, 2001, Plaintiff and two other officers engaged in a practical joke whereby the two officers escorted a recruit into the police gym where Plaintiff was doing pull-ups nude from the waist down. As a result, Plaintiff and the two officers were issued reprimands and ordered to forfeit ten hours of accumulated leave-time. Plaintiff, who was the only officer who actually removed his clothes, was also transferred out of the Training Unit to the Patrol division. Plaintiff argues that the action taken against him violated his Constitutional rights and he seeks redress under 42 USC § 1983.

### LEGAL STANDARD

Summary judgment is only proper upon a showing by the moving party that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a material factual dispute exists, the court determines whether a reasonable fact-finder would find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such a determination by the court is done by viewing all evidence and resolving all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party always bears the initial burden of highlighting that portion of the record which indicates the absence of a genuine issue of material fact. *Hairston v. Gainesville Sun. Pub. Co.*, 9 F.3d 913,

---

1. Plaintiff filed its Response to Motion for Summary Judgment [DE 52] on August, 15, 2006. Defendant filed its Reply [DE 55] on August 21, 2006.

918 (11th Cir.1993). . Upon satisfaction of this initial burden, the non-moving party is charged with the burden to establish the existence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. In meeting this burden, the non-moving party cannot solely rely upon the pleadings, but rather must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. If the evidence relied upon is such that a reasonable fact-finder could find in favor of the non-moving party, summary judgment should not be granted. *Hairston*, 9 F.3d at 919.

### DISCUSSION

Defendant seeks summary judgment because Plaintiff has not and cannot establish a violation of his First Amendment rights because he has not and cannot establish the threshold requirement of having engaged in speech that would qualify for First Amendment purposes, and because the facts of this case do not reveal a causally connected adverse employment action.

In order for a public employee to state a cause of action alleging retaliation for exercising one's Constitutional rights, the Plaintiff must meet his threshold requirements. Preliminarily, the Plaintiff must demonstrate that he engaged in a protected activity. *Akins v. Fulton County*, 420 F.3d 1293, 1300 (11th Cir.2005). In the context of a First Amendment claim, the Court must first look at whether the employee engaged in speech as a citizen, on a matter of public concern. *Garcetti v. Ceballos*, — U.S. —, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) If there has been no such qualifying speech, the employee cannot state an First Amendment claim. *Id.* However, where the employee is able to demonstrate such speech, the Court will

then determine whether the government employer was properly justified in its treatment of the employee, or whether the employee was subjected to adverse employment action in retaliation for that protected activity. *Id.; Akins*, 420 F.3d 1293. As set forth below, this Court finds that on the facts presented in this case, Plaintiff's cannot establish either element.

### *1st Amendment Speech Claim*

██ To establish a claim of retaliation arising from the exercise of his First Amendment rights, Plaintiff must first establish that he engaged in a protected activity. *See Garcetti v. Ceballos*, — U.S. —, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); *see also Akins*, 420 F.3d at 1300. When faced with such a contention, it is necessary to address whether Plaintiff spoke as a citizen on a matter of public concern, and if so, whether the City of Miami had an adequate justification for treating the Plaintiff differently from any other member of the general public. *Garcetti*, 126 S.Ct. at 1958. This Court finds that on the facts presented here, Plaintiff has not and cannot establish that he engaged in speech for First Amendment purposes.

In *Garcetti*, the United States Supreme Court held that when public employees make statements pursuant to their official duties, they are not speaking as citizens for purposes of the First Amendment. 126 S.Ct. at 1957 (citing *Pickering v. Board of Ed. of Township High School Dist. 205 Will Cty.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). In accordance with the Police Department's regulations, and the Plaintiff's obligations as a State-certified law enforcement officer, Plaintiff's subpoenaed grand jury testimony occurred pursuant to his official duties as a police officer for the City of Miami Police Department, and was not speech as a private citizen. Accordingly, Plaintiff

cannot meet the first prong for a First Amendment claim.

### The Discipline

█ The undisputed facts reveal that Plaintiff received a written reprimand, a forfeiture of ten hours of accumulated leave-time, and a transfer from the Training Unit to the Patrol Section. With respect to the issuance of a reprimand and the forfeiture of hours, the same punishments were also given to the two other officers involved in the prank. Therefore, with regard to these actions, Plaintiff is unable to show that these actions were taken in retaliation for Plaintiff's testimony before the grand jury, because there is independent support that the disciplinary action would have been taken even in the absence of the testimony. *See Johnson v. Clifton*, 74 F.3d 1087, 1092 (11th Cir.1996); *see also, Natale v. Broward County*, 987 F.Supp. 926, 933 (S.D.Fla.1997).

### The Transfer

█ As to Plaintiff's transfer from the Training Unit to the Patrol Section, based on the facts of this case, this does not rise to the level of an adverse employment action. "An adverse employment action is construed to involve an important condition of employment." *Akins*, 420 F.3d at 1300 (citing *Stavropoulos v. Firestone*, 361 F.3d 610, 619 (11th Cir.2004) (holding that retaliation was established when the employment action would "chill the exercise of constitutionally protected speech.")). Such employment actions would include termination, reprimands, refusal to promote, demotions, as well as any other action that functions to negatively affect terms, conditions, privileges, or status of an employee. *Id.* at 1300–01. Plaintiff's reliance on *Burlington Northern & Santa Fe Railway Co. v. White*, —— U.S. ——, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) is misplaced. In *Burlington*, the Plaintiff

was ultimately cleared of any wrongdoing. Conversely here, the Plaintiff ultimately had a final judgment entered as to his guilt following his *quasi judicial* disciplinary appeal process.

Additionally, the undisputed facts show that the Plaintiff was treated consistently with his two co-workers who were involved in the "prank". Nonetheless, his conduct involved an additional element (i.e., the Plaintiff was the only one who actually took his clothes off) thereby justifying the City's action in removing him from a specialty assignment. *Johnson*, 74 F.3d 1087 (the analysis to determine whether a public employer disciplined an employee in violation of the First Amendment, involves as its terminal step whether the public employer can establish that the action would have been taken even without protected speech.)

Finally, in order to show that a transfer constituted an adverse employment action, Plaintiff would have to set forth the negative impact of the aforementioned transfer. Plaintiff's transfer is best characterized as lateral in nature, in that there was no change in classification or rank, nor was there any deprivation of previously vested benefits, such as salary or promotional opportunities. While Plaintiff may contend that the loss of a 2% Training pay supplement constitutes a deprivation of benefits, such a contention is not applicable here. Plaintiff never received the pay supplement, because his transfer occurred prior to its implementation. Therefore, his "loss" of same is purely speculative.

### CONCLUSION

The Court finds that Summary Judgment in favor of Defendant City of Miami and against Jose Rafael Deprado is appropriate. Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is ORDERED and

ADJUDGED that Defendant City of Miami's Motion for Summary Judgment [DE 47] be, and the same is hereby **GRANTED**. The Court enters Judgment for Defendant City of Miami and against Plaintiff. The Court reserves jurisdiction to assess such costs and fees as may be appropriate, upon motion of Defendants.

### *FINAL JUDGMENT*

Pursuant to Fed.R.Civ.P. 58 and the Court's Order Granting Defendant's Motion for Summary Judgment, it is

ORDERED and ADJUDGED that judgment is entered in favor of Defendant City of Miami's Statement of Material Facts in Support of Motion for Summary Judgment, and against Plaintiff Jose Deprado. The case, namely the entire Complaint, is dismissed with prejudice. This case is CLOSED. If applicable, this Court retains jurisdiction of the above-styled action to determine fees, costs, and expenses incurred by Defendant in defending this action. It is further

ORDERED and ADJUDGED that any pending motions are DENIED as moot.